IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

SHAWN MARTIN; KAREN MARTIN,

            Plaintiffs,

   v.

JOEL HANNU; BALJINDER SINGH,
LUIS FELIPE GASTELUM
VALENZUELA; JOHN DOE DRIVER 1;
JOHN DOE DRIVER 2,

            Defendants.

No. 2:21-cv-00364-HL

**OPINION AND ORDER**

HALLMAN, United States Magistrate Judge:

    Plaintiffs Shawn Martin and Karen Martin bring this negligence action against multiple defendants based on a multi-vehicle accident. Before the Court is Defendant Luis Valenzuela's Motion to Exclude Expert Testimony ("Mot. to Exclude"), ECF 48; Defendant Baljinder Singh's joinder in that motion ("Mot. Join."), ECF 53; and Defendant Singh's Motion to Strike Rebuttal Reports ("Mot. Strike"), ECF 50. This Court heard oral argument on those motions on November 16, 2023. For the reasons set forth below, this Court DENIES the motions to exclude, DENIES the motion to strike, and orders that Plaintiffs make certain experts available for a deposition, at

Page 1 – OPINION AND ORDER

Plaintiffs' expense, to cure any prejudice resulting from the failure to timely disclose the expert reports.

## DISCUSSION

I.  **Motion to Exclude**

Defendant Valenzuela moves to exclude the expert report of Plaintiffs' trucking safety expert, Lew Grill ("Grill"), under Federal Rule of Evidence 702. Mot. to Exclude. Based on Grill's expert report, Defendant Valenzuela asserts that Grill's opinion is not sufficiently reliable, and his methodology is flawed, because he failed to consider sufficient facts and data. *Id*. 7-15. Defendant Singh joins in the motion. Mot. Join 2-8.[1] For the following reasons, these motions are denied.

A.  **Legal Standards**

Federal Rule of Evidence 702 provides in relevant part:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. For expert testimony to be admissible under Rule 702, it must satisfy three requirements: (1) the expert witness must be qualified; (2) the testimony must be reliable; and (3) the testimony must be relevant. *See Daubert v. Merrell Dow Pharms., Inc.* ("*Daubert I*"), 509

---

[1] In his motion for jointer, Defendant Singh does not offer any additional argument concerning the factual basis for Grill's opinion, and instead offers multiple pages of citations concerning the exclusion of Grill's opinion on specific topics and on specific bases in other cases. Mot. Join. 2-8. This Court will not parse through other decisions concerning Grill's testimony to determine whether there is an additional basis to exclude his testimony. If defendants seek to prevent Grill from testifying as to any specific issue, then they must present that issue through motions *in limine*.

U.S. 579, 589-91 (1993). The proponent of expert testimony has the burden of establishing that the admissibility requirements are met by a preponderance of the evidence. *Id.* at 592 n.10; *see also Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

Before admitting expert testimony into evidence, the Court acts as a "gatekeeper" in determining its admissibility under Rule 702 by ensuring the testimony is both "relevant" and "reliable." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (citing *Daubert I*, 509 U.S. at 597). "The relevancy bar is low, demanding only that the evidence logically advances a material aspect of the proposing party's case." *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (quotations omitted).

Testimony is reliable where it has "a reliable basis in the knowledge and experience of the relevant discipline." *Id.* (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999)). The reliability inquiry is a "flexible one" and trial courts are generally given "broad latitude in determining the appropriate form of the inquiry." *United States v. Wells*, 879 F.3d 900, 934 (9th Cir. 2018) (quoting *Kumho Tire*, 526 U.S. at 150). Furthermore, the reliability inquiry favors admission of testimony as "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (citing *Daubert I*, 509 U.S. at 596). The reliability inquiry test does not seek to measure "the correctness of the expert's conclusions but the soundness of [his or her] methodology," and therefore, when an expert meets the standards established by Rule 702, "the expert may testify[,] and the fact finder decides how much weight to give that testimony." *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 814 (9th Cir. 2014) (quoting *Primiano*, 598 F.3d at 564-65).

B.      Dr. Grill's Opinion.

Dr. Grill is a trucking safety expert retained by Plaintiffs to provide an expert opinion in this matter. Barber Dec., ECF 49, Ex. 7, Grill Report. He formulated an opinion that both Defendants Singh and Valenzuela were negligent in their operation of their vehicles and failed to follow the Federal Motor Carrier Safety Administration ("FMCSA") regulations. *Id*. at 6-7. He based this opinion on the review of the following documents: the Oregon State Police Traffic Crash Report, Oregon State Police Incident Report, Driver Statements, Photos of the accident scene, and Deposition Transcripts for Plaintiff Shawn Martin, witness Dylan Smith, and Defendant Singh. *Id*. at 3-4.

In moving to exclude Grill's testimony, Defendants note that Grill did not review testimony from witnesses Joel Hannu and Sam Glerup or Defendant Valenzuela, which would have provided information regarding the conditions immediately prior to the accident. Mot. Exclude at 8-9. Defendants also note that he did not consider testimony from multiple witnesses regarding the weather at the time of the accident or the conditions of the road. *Id*. at 11-12. Defendants assert that it was essential for any expert to review this evidence in order to form a reliable opinion, and because Grill failed to examine this evidence, his opinion is unreliable and should be excluded. *Id*. at 13-15. In response, Plaintiffs argue that "material facts (time and place of the accident, parties, etc.) are common and generally accepted among all expert reports" and that this case is "relatively simple," requiring the review of only basic evidence. Pl. Resp. to Def. Mot. Summ. J. and Mot. to Strike/Exclude ("Pl. Resp.") at 11-12.

Any arguments as to whether Grill should have reviewed additional documents in formulating his opinion go to the weight, and not the admissibility, of Grill's testimony. The requirement that expert testimony be based on "sufficient facts or data" only requires the Court

to engage in "an analysis of the sufficiency of underlying facts or data that is quantitative rather than qualitative." *United States v. W.R. Grace*, 455 F. Supp. 2d 1148, 1152 (D. Mont. 2006). The requirement "is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other." *Id*. "[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Bluetooth SIG, Inc. v. FCA US LLC*, 468 F. Supp. 3d 1342, 1349 (W.D. Wash. 2020) (internal quotations and citation omitted)). Thus, "[a]ny issues as to what materials may have been more appropriate for [the expert] to consult in providing this opinion . . . would go to the weight, and not the admissibility, of [the expert's] testimony." *City of Seattle v. Monsanto Co.*, No. C16-107-RAJ-MLP, 2023 WL 4288163, at *5 (W.D. Wash. June 30, 2023).

Based on these principles, Grill's failure to review all available evidence – even evidence that defendants describe as essential – does not render his decision unreliable, at least under Rule 702. To be sure, Defendants raise a number of persuasive arguments concerning the deficiencies in Grill's analysis due to his limited review of the evidence. On the other hand, Defendants concede that the basic facts concerning this accident are not in dispute, and Plaintiffs are entitled to have their expert formulate an opinion based on "relatively simple" facts without rending the opinion inadmissible under Rule 702. Defendants' motions to exclude Grill's testimony are therefore denied.

## II. Motion to Strike Passo/Cook Expert Report

Defendant Singh also moves to strike to expert reports of Passo/Cook because of Plaintiffs' failure to comply with their expert discovery obligations under Fed. R. Civ. P. 26(a)(2)(B). Mot. Strike. This Court agrees that Plaintiffs failed to comply with the expert

disclosure requirements in Rule 26. However, any prejudice resulting from Plaintiffs' failure can be cured if Plaintiffs make their expert available for a deposition, at Plaintiffs' expense. Exclusion is therefore not warranted.

### A. Legal Standards.

Under Rule 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." A "party must submit its expert witness disclosures 'at the times and in the sequence that the court orders . . . Rule 37(c)(1) gives teeth to th[is] requirement[ ]' by automatically excluding any evidence not properly disclosed under Rule 26(a)." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 26(a)(2)).

To overcome Rule 37's preclusive effect, a party must demonstrate that non-disclosure was either substantially justified or harmless. *Galentine v. Holland America Line-Westours, Inc.*, 333 F. Supp. 2d 991, 993 (W.D. Wash. 2004) (citing *Yeti by Molly, Ltd.*, 259 F.3d at 1106) (other citation omitted). "[T]he burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly Ltd.,*, 259 F.3d at 1106. Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys, Ltd. v. Novelty, Inc.,* 375 Fed. App'x 705, 713 (9th Cir. 2010).

Excluding expert testimony is not proper when there are other, less severe sanctions available. *Galentine v. Holland America Line–Westours, Inc.,* 333 F.Supp.2d 991, 993–994

(W.D. Wash. 2004) (holding that exclusion of testimony was not the proper sanction because discovery could be extended and summary judgment could be amended if any new evidence surfaced). "Where the harm can be easily remedied, exclusion is not the proper sanction." *Amos v. Makita U.S.A., Inc.*, No. 2:09-CV-01304-GMN, 2011 WL 43092, at *4 (D. Nev. Jan. 6, 2011).

### B.   Passo/Cook Reports

On the deadline for expert disclosures, which was July 18, 2023, Plaintiffs submitted a purported expert report of medical billing expert Sharla Paso. Cramer Dec., ¶ 3, Ex. A. The two-page report opined that the cost of Plaintiff Martin's medical treatment was reasonable and necessary, but it contained no basis for the opinion and stated that Paso was recently hired and was in the process of reviewing the record. *Id*. Then, at the deadline for rebuttal expert disclosures, which was August 8, 2023, Plaintiffs submitted a combined rebuttal expert report of Paso and her associate, Michele Cook, which contained the full opinions concerning the reasonableness of Plaintiff Martin's medical treatment. Cramer Dec., ¶ 3, Ex. B.

In moving to strike, Defendants argue that the reports should be excluded because the initial Paso report did not contain the information required by Fed. R. Civ. P. 26(a)(2)(B) and the Paso/Cook report was not the appropriate subject of rebuttal testimony. Mot. Exclude. Plaintiffs sought to strike the Paso/Cook reports and prohibit the testimony of those experts at trial. *Id*. at 12. At oral argument, Plaintiffs conceded that Paso's initial expert report did not contain the information required by Rule 26(a)(2)(B) and the opinions contained in the Pasto/Cook report were not proper subject of rebuttal testimony. Tr. 18-19; *see Grove City Veterinary Serv. v. Charter Practice Int'l.*, 2016 WL 1573830, at *16 (D. Or. Apr. 19, 2016) ("If the purpose of expert testimony is to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one."). Plaintiffs

asserted that this error was due to counsel's unfamiliarity with Rule 26's expert disclosure requirements. Tr. 19. Thus, it is undisputed that Plaintiffs failed to comply with Rule 26.

Exclusion of the experts is not warranted in this case, however. Any prejudice to the Defendants can be easily cured by requiring Paso and/or Cook to submit to expert depositions, at Plaintiffs' expense, and by permitting Defendants experts to supplement their rebuttal reports if necessary. The parties will have ample opportunity to cure any prejudice in advance of trial, as no trial date is set. Moreover, there is no evidence of bad faith or willfulness involved in not timely disclosing the evidence. Accordingly, Defendants motion to exclude the expert reports is denied. Instead, Plaintiffs are ordered to make Paso and Cook available for a deposition, at their expense, and Defendants are permitted to supplement their expert reports after those depositions.

## CONCLUSION

For the reasons set forth above, this Court DENIES the motions to exclude, DENIES the motion to strike, and ORDERS the following:

1. Within fourteen (14) days of the date of this order, Plaintiffs shall submit separate and complete expert reports for either or both Paso and Cook;

2. Defendants are permitted to depose Paso and/or Cook, and if they elect to do so, Plaintiffs shall be required to pay any expert fees associated with the deposition.

3. Defendants are permitted to supplement their rebuttal expert reports, if necessary.

IT IS SO ORDERED.

DATED this 12th day of January, 2024.

                                                                s/Andrew Hallman
                                                             ANDREW HALLMAN
                                                             United States Magistrate Judge